IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES, | : | |
| Plaintiff, | : | |
| v. | : | NO. 18-cr-410 |
| CHARLES GARO AVETIAN, | : | |
| Defendant. | : | |

## MEMORANDUM

**J. Younge**                                                                                                       **September 26, 2023**

### I.     INTRODUCTION

Petitioner Charles Garo Avetian filed his Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255(a) on July 27, 2023.  (ECF No. 69.)  Petitioner filed an Amended Motion to Vacate, Set Aside, or Correct the Sentence on July 31, 2023.  (ECF No. 70.) This Court finds this matter appropriate for decision without oral argument.  Fed R. Civ P. 78; L.R. 7.1(f).  For the reasons stated in the following Memorandum, these Motions are Denied.

### II.    FACTUAL BACKGROUND

Petitioner was charged with unlawfully distributing, and aiding and abetting in the distribution of, controlled substances without a prescription in violation of the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1), (b)(1)(E) and 18 U.S.C. § 2. (Information, ECF No. 1, pp. 1-5.)  The drug at issue is Fioricet, which is a combination of acetaminophen, caffeine, and butalbital.  Butalbital is a barbiturate, making it a Schedule III drug.  21 C.F.R. § 1308.13(b). Petitioner pled guilty to the Information on October 29, 2018, and accepted the following factual summary as part of his guilty plea:

> [Regarding Counts 1 and 2, undercover agents of the Drug Enforcement Administration (hereinafter "DEA"), on April 1, 2015, and June 8, 2015] went online to an internet pharmacy [and] made two purchases of Fioricet. They purchased 90 tablets each time. Fioricet is a combination drug that contains butalbital[,] which is a Schedule III controlled substance. All they did was complete an online questionnaire. Within days they received their orders based on prescriptions that were issued by the defendant, and they were shipped to an undercover address in Philadelphia. The agents never spoke with the defendant or anyone else concerning the purchases. And for this and all of the other purchases, DEA confirmed that the tablets contained butalbital.
>
> [Counts 3 through 13] involve similar purchases made by DEA agents in New Jersey and Washington State.

(Change of Plea Hearing Transcript (hereinafter "Plea Tr."), ECF No. 13, pp. 15-16.)

Additionally, Petitioner was charged with failing to report approximately $363,830 in earnings between 2012 and 2014 and submitting knowingly false federal income tax returns during those years. (Information, ECF No. 1, pp. 6-8.) Petitioner has contended that in October 2015, he was approached by an agent of the Internal Revenue Service and thereafter obtained counsel to represent him in this perceived investigation. (Motion to Dismiss,[1] ECF No. 70, pp. 20-21.) These attorneys informed him that "[i]t is certainly our hope that you are only a witness in the current investigation and that we are able to assist you in avoiding you becoming . . . a defendant as a result of this investigation." (Motion to Dismiss, ECF No. 70, p. 60.) These attorneys allegedly took no further action for two years until criminal charges were brought, after which they suggested negotiating a plea agreement for both the tax and drug offenses. (Motion to Dismiss, ECF No. 70, p. 65.) Petitioner ultimately pled guilty to three Counts of making false

---

[1] This Motion to Dismiss was submitted during the July 26, 2022, status conference addressing Petitioner's Motion to Withdraw Plea of Guilty. *See* Status Conference Transcript (hereinafter "Status Conf. Tr."), ECF No. 65. During this conference, his appointed counsel expressed that she did not feel comfortable filing the document in her professional capacity. (Status Conf. Tr., ECF No. 65, p. 6.) The Court denied the Motion. (Status Conf. Tr., ECF No. 65, p. 10.)

federal income tax reports in violation of 26 U.S.C. § 7206(1) in conjunction with his guilty plea for the drug offenses. *See* Plea Tr., ECF No. 13.

Petitioner filed his Motion to Withdraw Plea of Guilty on August 3, 2021. (ECF No. 32.) On July 26, 2022, the Petitioner's Motion was denied as the Court determined that he had previously voluntarily entered his guilty plea. (Status Hearing Transcript 7/26/22, ECF No. 65, 6-7.) Petitioner was subsequently sentenced to a term of imprisonment of one year and one day, three years of supervised release, a fine of $1,000, and a special assessment of $1,600. (Judgment, ECF No. 56.) The Court additionally granted a Motion for Forfeiture for $100,000 as relates to the drug offenses. (Judgment, ECF No. 56, p. 9.)

Petitioner filed a timely notice of appeal which he withdrew in February 2023. *See* ECF Nos. 57 & 68. This motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is timely. *See* ECF Nos. 69 & 70; 28 U.S.C. § 2255(f)(1). Petitioner raises four claims in support of his motion to vacate, set aside, or correct sentence: (1) ineffective assistance of counsel in failing to aid Petitioner in avoiding liability for tax offenses; (2) ineffective assistance of counsel in failing to argue that Fioricet is not a controlled substance and does not require a prescription to distribute; (3) ineffective assistance of counsel in failing to raise allegedly helpful Supreme Court precedent; and (4) that he was improperly prosecuted for the distribution of Fioricet without a prescription. (ECF No. 70.)

### III.     LEGAL STANDARD

A federal prisoner may move the court to vacate, set aside, or correct the sentence where the sentence imposed was unconstitutional, imposed by a court that lacked jurisdiction, in excess of the lawful maximum, or otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Ineffective assistance of counsel claims are based in the Sixth Amendment and governed by the

two-pronged test set out in *Strickland v. Washington*, 466 U.S. 668 (1984).  The petitioner must show that (1) counsel's performance was so deficient that counsel was not functioning as guaranteed by the Sixth Amendment and (2) counsel's deficient performance so prejudiced the defense that there is a reasonable probability that the result of the proceeding would have been different if not for the deficiency.  *Id.* at 687, 694; *Smith v. Robbins*, 528 U.S. 259, 284 (2000).  There is an objective standard of reasonableness applied in determining deficiency.  *United States v. Nahodil*, 36 F.3d 323, 326 (3d Cir. 1994).  Reasonable strategic decisions do not constitute deficiency.  *U.S. v. Williams*, 70 F. App'x 632, 634 (3d Cir. 2003).  Failure to pursue a meritless argument does not make counsel ineffective.  *Real v. Shannon*, 600 F.3d 302, 309 (3d Cir. 2010).

## IV.   DISCUSSION

### A.   *Ineffective Assistance of Counsel as Relates to Tax Offenses*

Petitioner's claim that his attorneys provided him with ineffective assistance of counsel by failing to "resolve" his tax matter appropriately cannot be accepted as he has not presented facts sufficient to show that his attorneys' actions prejudiced his case.  A claimant must be able to establish to there was a reasonable probability "sufficient to undermine confidence in the outcome" that, apart from counsel's ineffectiveness, the result would have been different. *Knowles v. Mirzayance*, 556 U.S. 111, 127 (2009).  The fact pattern here demonstrates that Petitioner reached out to these attorneys in 2015 and, even accepting their lack of action on his behalf in the following years, Petitioner does not present any facts to support that they would have been able to cure his liability for the fraudulent submissions made between 2012 and 2014. Instead, the facts suggest that Petitioner was already the subject of a criminal investigation, which the Court has no reason to believe his attorneys could have prevented.

Furthermore, Petitioner voluntarily and knowingly entered a plea of guilty for this offense, as demonstrated by his sworn statements at his change of plea hearing. *See* Plea Tr., ECF No. 13; *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (finding that the validity of a guilty plea is based on whether it is a voluntary and intelligent choice among alternatives). Petitioner has not provided facts sufficient to find that that voluntary and knowing plea was not so. That he pled after receiving advice of counsel does not make counsel ineffective, because the proper determination is "whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *McMann v. Richardson*, 397 U.S. 759, 771 (1970); *see also Currin v. Cameron*, Civ. No. 14-1523, 2017 WL 1211616, at *6-7 (W.D. Pa. Apr. 3, 2017) (finding that petitioner did not have a meritorious claim for ineffective assistance of counsel without showing how counsel's advice to plead guilty was deficient). There is nothing to suggest that Petitioner did not have enough information to make a reasonably informed decision as to the strength of his case, and Petitioner does not appear to dispute the facts underlying the charge. *United States v. Knet*, 806 F. App'x 109, 112 (3d Cir. 2020). The Court is entitled to rely on Petitioner's own sworn statements of voluntariness and, accordingly, does not find that the Petitioner is entitled to relief on this ground.

   B. *Ineffective Assistance of Counsel in Failing to Pursue Potential Defense Against Violation of the Controlled Substances Act*

Petitioner further alleges that his attorneys provided him ineffective assistance by representing him on his Controlled Substances Act charges and failing to raise the potential defense that Fioricet is either (1) not a controlled substance or (2) does not require a prescription to distribute. Petitioner does not appear to dispute the facts underlying the charges other than as relates to the proper classification of Fioricet and whether he issued valid prescriptions.

21 U.S.C. § 821 of the Controlled Substances Act authorizes the Attorney General to promulgate rules and regulations related to dispensing controlled substances, and these functions have been delegated to the Administer of the DEA.  28 C.F.R. § 0.100(b).  Butalbital, an ingredient of Fioricet, is classified as a Schedule III drug.  21 C.F.R. § 1308.13(b) (listing barbiturates).  Schedule III drugs can only be lawfully distributed to individuals with a valid prescription unless dispensed directly to a patient by a practitioner other than a pharmacist.  21 U.S.C. § 829(b).  Similarly, no controlled substance that is a prescription drug under the Federal Food, Drug, and Cosmetic Act can be dispensed via the Internet without a valid prescription.  21 U.S.C. § 829(e)(1).  A valid prescription is one issued for a "legitimate medical purpose in the usual course of professional practice by (1) a practitioner who has conducted at least one in-person medical evaluation of the patient [or] (2) a covering practitioner."  21 U.S.C. § 829(e)(2).  However, "compounds, mixtures, or preparations that contain a nonnarcotic controlled substance listed in . . . § 1308.13(b) . . . have been exempted by the Drug Enforcement Administrator from the applications of . . . § 829 [containing the valid prescription requirement] . . . *for administrative purposes only*."  21 C.F.R. § 1308.32 (emphasis added).  As Petitioner has neither contended nor presented evidence showing that he had previously conducted in-person medical evaluations of the clients he prescribed Fioricet to as relates to the Counts he was charged with, he does not meet the standard articulated in 21 U.S.C. § 829 for issuing valid prescriptions.

While disagreement exists as to whether the phrase "for administrative purposes only" authorizes the distribution of Fioricet without a prescription, the mere presence of disagreement does not render counsel ineffective in failing to raise an argument.  Five courts have considered this issue.  *See, e.g., United States v. Michael*, 260 F. Supp. 3d 845 (W.D. Ky. 2017); *United States v. Oz*, No. 13-00273, 2017 WL 342069 (D. Minn. Jan. 23, 2017); *United States v.*

*Akinyoyenu*, 199 F. Supp. 3d 106 (D.D.C. 2016); *United States v. Riccio*, 43 F. Supp. 3d 301 (S.D.N.Y. 2014); *United States v. Williams*, CR-10-0216-HE, 2010 WL 4669180 (W.D. Okla. Nov. 9, 2010), *aff'd*, 549 F. App'x 813 (10th Cir. 2013).  Only one, *United States v. Akinyoyenu*, found that this phrasing means that, although it is considered a controlled substance, practitioners are authorized to distribute Fioricet without prescriptions.  199 F. Supp. 3d at 115-16.

Though no precedent existed in this Court on this issue, the weight of the case law existing at the time of Petitioner's guilty plea suggested that he faced a likelihood that he would be found guilty of violating the Controlled Substances Act.  There is a strong presumption that counsel's challenged actions "might be considered sound . . . strategy." *Strickland*, 466 U.S. at 689.  Reasonable strategic decisions do not rise to the level of ineffective assistance of counsel. *Williams*, 70 F. App'x at 634.  While the Court takes no position on whether Fioricet is a controlled substance that cannot be distributed without a valid prescription, it finds that Petitioner's counsel was not ineffective in failing to pursue this argument given the position of the majority of the courts.

      C.    *Ineffective Assistance of Counsel in Failing to Raise Allegedly Applicable Precedent to Defend Against Violation of the Controlled Substances Act*

Petitioner argues that his counsel[2] was ineffective by failing to raise the Supreme Court cases, *Ruan v. United States*, 142 S. Ct. 2370 (2022),[3] in his defense.  Petitioner's argument is unavailing.  In *Ruan*, the Supreme Court found that the government must prove that the defendant knowingly acted in an unauthorized manner in issuing prescriptions.  142 S. Ct. at 2382.  Petitioner pled guilty, in part, to "issuing [prescriptions] for not a legitimate purpose and

---

[2] Petitioner was appointed a new representative on July 1, 2021, after his request to dismiss his original representatives was granted on May 12, 2021.  *See* ECF Nos. 25 & 27.

[3] Petitioner also raised *Kahn v. United States*, which is encompassed by *Ruan*.

not in the usual course of professional practice" (Plea Tr., ECF No. 13, p. 14-15), which this Court has previously determined was voluntarily and knowingly done. In light of Petitioner's sworn statements during his change of plea hearing, counsel's decision not to attempt to contradict the record and thereafter make an argument under *Ruan* cannot be considered unreasonable. Therefore, the Court does not find Petitioner's counsel ineffective.

      D.    *Alleged Misclassification of Fioricet as a Controlled Substance that Cannot Be Distributed Without a Prescription*

Petitioner's argument that he was improperly prosecuted under the Controlled Substances Act must be dismissed as waived. On August 22, 2018, Petitioner entered into, and ultimately pled guilty pursuant to, a plea agreement wherein he "expressly waive[d] the right to raise on appeal or on collateral review any argument that . . . the admitted conduct does not fall within the scope of the statute." (Plea Agreement, ¶ 14, ECF No. 7.) During his change of plea hearing, Petitioner stated that he understood that "[u]nder the terms of the guilty plea agreement, [he has] agreed that [he] will limit [his] rights to appeal [and has] voluntarily agreed to give up all rights to appeal or collaterally attack the prosecution of this case." (Plea Tr., ECF No. 13, 10.) The Court may enforce the waiver of a right to appeal when it concludes that the issues pursued fall within the scope of the waiver and that the defendant had knowingly and voluntarily waived that right. *United States v. Wilson*, 707 F. 3d 412, 414 (3d Cir. 2013). There is no evidence to suggest that Petitioner's waiver was involuntary or unknowing. As such, the Court declines to reach the merits of this claim and deems it waived.

      5.    *Certificate of Appealability*

A certificate of appealability may only be granted if the Court determines that the Petitioner has "made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (explaining that a substantial

showing requires that the petitioner "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong"). Petitioner has raised claims for ineffective assistance of counsel, which implicates his constitutional rights as a criminal defendant. U.S. Const. amend. VI. As outlined above, this Court finds Petitioner's ineffective assistance of counsel claims to be without merit and therefore declines to issue a certificate of appealability.

**V.     CONCLUSION**

For the foregoing reasons, the Petitioner's Motion is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**