### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : <br> : <br> v. : <br> : Criminal No. 18-410 <br> CHARLES GARO AVETIAN, : <br> : <br> Defendant/Petitioner. : <br> : <br> : | |

### MEMORANDUM

**J. Younge**                                                                                         **November 22, 2023**

**I.      INTRODUCTION**

Currently before this Court is Petitioner Charles Garo Avetian's *pro se* Motion for Reconsideration pursuant to 28 U.S.C. § 2255(a).  (ECF No. 75.)  The Court finds this Motion appropriate for resolution without oral argument.  Fed. R. Civ. P. 78; L.R. 7.1(f).  For the reasons set forth in this Memorandum, this Motion is Denied.

**II.     FACTUAL BACKGROUND**

Petitioner Charles Garo Avetian was charged with unlawfully distributing, and aiding and abetting in the distribution of, controlled substances without a prescription in violation of the Controlled Substances Act, 21 U.S.C. §§ 841(a)(1), (b)(1)(E) and 18 U.S.C. § 2.  (Information, ECF No. 1, pp. 1-5.)  Specifically, Petitioner was charged with the unlawful distribution of Fioricet, which contains Butalbital, a Schedule III barbiturate.  21 C.F.R. § 1308.13(b). Petitioner pled guilty to the Information on October 29, 2018 and, in his Plea Agreement, expressly waived any argument that "the admitted conduct does not fall within the scope of the statute."  (Change of Plea Hearing Transcript (hereinafter "Plea Tr."), ECF No. 13; Plea Agreement ¶ 14, ECF No. 7.)

Additionally, Petitioner was charged with failing to report approximately $363,830 in earnings and submitting knowingly false federal income tax returns between 2012 and 2014. (Information, ECF No. 1, pp. 6-8.) Petitioner alleges that he first became aware of a possible Internal Revenue Service (hereinafter "IRS") investigation involving him in October 2015 and thereafter obtained counsel to help him avoid criminal liability. (Motion to Dismiss,[1] ECF No. 70, pp. 20-21.) Petitioner alleges that these attorneys took no further action to protect him until criminal charges were brought two years later, after which they suggested pleading guilty to both the tax and drug offenses. (Motion to Dismiss, ECF No. 70, p. 65.) Petitioner pled guilty to filing false federal income tax reports in violation of 26 U.S.C. § 7206(1) on October 29, 2018, along with his guilty plea for his drug offenses. *See* Plea Tr., ECF No. 13.

Petitioner filed a Motion to Withdraw Plea of Guilty on August 3, 2021. (ECF No. 32.) This Motion was denied upon the Court's determination that he had previously voluntarily entered his guilty plea. (Status Hearing Transcript 7/26/22, ECF No. 65, pp. 6-7.) Petitioner was subsequently sentenced to a term of imprisonment of one year and one day and three years of supervised release. (Judgment, ECF No. 56.) Petitioner then filed a timely notice of appeal which he withdrew in February 2023. *See* ECF Nos. 57 & 68. On July 27, 2023, Petitioner filed a Motion to Vacate, Set Aside, or Correct the Sentence pursuant to 28 U.S.C. § 2255, alleging: (1) ineffective assistance of counsel in failing to aid Petitioner in avoiding criminal liability for his tax offenses; (2) ineffective assistance of counsel in failing to argue that Fioricet is not a controlled substance and does not require a prescription to distribute; (3) ineffective assistance of

---

[1] This Motion to Dismiss was submitted during the July 26, 2022, status conference addressing Petitioner's Motion to Withdraw Plea of Guilty. *See* Status Conference Transcript (hereinafter "Status Conf. Tr."), ECF No. 65. During this conference, his appointed counsel expressed that she did not feel comfortable filing the document in her professional capacity. (Status Conf. Tr., ECF No. 65, p. 6.) The Court denied the Motion. (Status Conf. Tr., ECF No. 65, p. 10.)

counsel in failing to raise allegedly helpful Supreme Court precedent; and (4) that he was improperly prosecuted for the distribution of Fioricet without a prescription.  *See* ECF No. 69.  This Court denied Petitioner's Motion on September 26, 2023, because:  (1) Petitioner presented no evidence suggesting that his tax attorneys, retained in 2015, could have helped him avoid liability for his 2012-2014 tax crimes or that they were constitutionally deficient in advising him to plead guilty; (2) the majority of the courts that have heard this issue, save one, have found that Fioricet is a controlled substance requiring a prescription to distribute; (3) Petitioner specifically pled guilty to issuing prescriptions for an illegitimate purpose; and (4) Petitioner knowingly and voluntarily waived any argument that his conduct in distributing Fioricet does not fall under the scope of the statute.  *See* ECF Nos. 73 & 74.  On November 20, 2023, Petitioner filed this Motion for Reconsideration.  (ECF No. 75.)

### III.  LEGAL STANDARD

The Third Circuit has held that "the purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence."  *Cohen v. Austin*, 869 F. Supp. 320, 321 (E.D. Pa. Nov. 25, 1994).  A motion for reconsideration "is an extraordinary remedy to be employed sparingly."  *Ehrheart v. Pfaltzgraff Factory Stores, Inc.*, 498 F. Supp. 2d 753, 756-57 (E.D. Pa. 2007).  The motion can only be granted if the movant demonstrates "(1) there has been an intervening change in the controlling law; (2) new evidence has become available; or (3) there is need to correct a clear error of law or fact or to prevent a manifest injustice."  *Strike 3 Holdings, LLC v. Doe*, 370 F. Supp. 3d 478, 481 (E.D. Pa. 2019) (citing *Max's Seafood Café by Lou-Ann Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)); *see also Reich v. Compton*, 834 F. Supp. 753, 755 (E.D. Pa. Sep. 2, 1993).

A motion for reconsideration is not "a tool to re-litigate and reargue issues which have already been considered and disposed of by the Court," or "to express disagreement with the Court's rulings." *United States v. Stevenson*, No. 16-0189, 2019 WL 4918734, at *1 (W.D. Pa. Oct. 4, 2019). Instead, "such motion is appropriate only where the court misunderstood a party or where there has been a significant change in law or facts since the Court originally ruled on that issue." *United States v. Perminter*, 2012 WL 642530, at *3 (W.D. Pa. Feb. 28, 2012). Put simply, it is "improper on a motion for reconsideration to 'ask the Court to rethink what [it] had already thought through – rightly or wrongly.'" *Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993).

## IV. DISCUSSION

The Petitioner argues here that the Court erroneously dismissed his claims for relief. As in his previous Motion, Petitioner argues that Fioricet was improperly classified as a controlled substance in his prosecution. *See* Petitioner's Section 2255 Motion, ECF Nos. 69 & 70. As an initial matter, the Court will rely on its logic and reasoning, as explained in its September 26, 2023 Order, in concluding that, with the weight of the caselaw holding that the distribution of Fioricet without a prescription is a violation of the Controlled Substances Act, Petitioner's attorneys did not provide constitutionally deficient counsel in failing to argue otherwise. For Sixth Amendment purposes, an attorney is judged based on whether their advice was "within the range of competence demanded" in that case. *McMann v. Richardson*, 397 U.S. 759, 771 (1970). Reasonable strategic decisions do not amount to ineffective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Instead, the Petitioner must show that his attorneys' performance was constitutionally deficient and that there was a reasonable probability that the result of his proceeding would have been different otherwise. *Id.* at 687, 694.

The Petitioner does not deny that he distributed Fioricet or that he issued prescriptions without having conducted any in-person medical evaluation of his patients, as required by 21 U.S.C. § 829. Petitioner also has not suggested that he was able to issue prescriptions because he met the Controlled Substances Act's definition of a covering practitioner, which is a practitioner who acts *at the request* of another, temporarily unavailable practitioner who *had* conducted an in-person medical evaluation. 21 U.S.C. § 829(e)(2)(C). Instead, Petitioner says he was a covering practitioner under his company's telemedicine protocol. *See* Petitioner's Motion, ECF No. 75, p. 5. While this Court is unaware of what the Petitioner's company policies required, the facts as pled to by Petitioner include that he distributed Fioricet to undercover federal agents solely upon their completion of an online questionnaire – without an in-person medical evaluation or a request from a practitioner who has done such an evaluation. *See* Plea Tr., ECF No. 13, pp. 15-16. Petitioner additionally pled guilty to issuing prescriptions "for not a legitimate purpose and not in the usual course of professional practice." (Plea Tr., ECF No. 13, pp. 14-15.) This is sufficient to show that, whatever his company's policies were, Petitioner was not in compliance with the Controlled Substances Act's requirements for issuing valid prescriptions.

Advising the Petitioner to plead guilty, when the majority of the courts hearing this issue have found this same conduct to be criminal, does not amount to ineffective assistance of counsel. Furthermore, Petitioner's argument that his counsel was constitutionally deficient in failing to pursue a defense under *Ruan v. United States* is unavailing. In *Ruan*, the Supreme Court found that the government must prove that the defendant knowingly acted in an unauthorized manner in issuing prescriptions. 142 S. Ct. 2370, 2382 (2022). Prior to the *Ruan* decision, Petitioner specifically pled guilty to issuing prescriptions "for not a legitimate

purpose." (Plea Tr., ECF No. 13, p. 14.)  In other words, Petitioner pled guilty to issuing prescriptions for illegitimate purposes and not in accordance with the Controlled Substances Act's requirements.  To argue that the Petitioner *unknowingly* issued prescriptions for what he had already agreed were illegitimate purposes, Petitioner's attorneys would have been forced to contradict Petitioner's own sworn statement.  Their decision not to do so is a reasonable strategic decision not violative of the Sixth Amendment.  Additionally, as Petitioner voluntarily and knowingly waived any argument that his conduct did not fall under the scope of the statute, and thus waived any argument that his distribution of Fioricet, specifically, did not fall under the scope of the statute (Plea Agreement ¶ 14, ECF No. 7), the Court again declines to consider whether Fioricet has been properly classified as a Schedule III controlled drug requiring a valid prescription to distribute.  *See United States v. Wilson*, 707 F.3d 412, 414 (3d Cir. 2013) (finding that the courts may enforce the waiver of a right to appeal when the issues fall within the scope of the waiver and the defendant knowingly and voluntarily waived that right).

  Lastly, the Court will consider Petitioner's argument that his attorneys provided ineffective assistance because of their lack of diligence after a tax crimes investigation began against Petitioner.  The Court finds no error in its determination that Petitioner's attorneys' alleged lack of diligence did not demonstrably prejudice the Petitioner's case.  Petitioner pled guilty to filing false federal income tax returns between 2012 and 2014, and, after already committing the crimes he later pled guilty to, hired tax attorneys upon becoming aware of a potential investigation against him in 2015.  (Plea Tr., ECF No. 13; Motion to Dismiss, ECF No. 70, pp. 20-21, 60, 65.)  Furthermore, the Petitioner has not challenged any of the facts underlying his conviction.  Instead, Petitioner argues that, had his attorneys been more diligent, they could have negotiated a settlement with the IRS that would have allowed him to avoid criminal

liability.  *See* Petitioner's Motion, ECF No. 75, p. 1-4.  This is partly because Petitioner was financially able and willing to pay back the money that he had unlawfully retained.  *See* Petitioner's Motion, ECF No. 75, p. 4.  Paying what was unlawfully retained does not, as a matter of law, absolve defendants of criminal liability, and the Petitioner has not presented any evidence that, by acting more swiftly, his attorneys could have prevented the Petitioner from incurring liability for actions taken one to three years before they were retained.  As such, the Court maintains that Petitioner has not demonstrated that he was afforded ineffective assistance of counsel.

### V.    CONCLUSION

For the foregoing reasons, Petitioner's Motion for Reconsideration is Denied.

An appropriate Order follows.

**IT IS SO ORDERED.**

BY THE COURT:

/s/ John Milton Younge
**Judge John Milton Younge**